<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE SOUTHERN DISTRICT OF ILLINOIS</u>

| | | |
|---|---|---|
| **TYRONE ALLEN** | * | |
| **d/b/a X3 LOGISTICS, LLC,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CIVIL NO.: 19-1065** |
| | * | |
| **THE UNITED STATES,** | * | |
| **Defendants.** | * | |

<u>**COMPLAINT**</u>

Plaintiff, Tyron Allen, d/b/a X3 Logistics, LLC., ("the Plaintiff"), through the undersigned counsel, alleges as follows:

<u>**PARTIES**</u>

1.    The Plaintiff, Tyrone Allen, is a citizen of the United States and until the actions made basis of this complaint was a vendor for the United States Army's Surface Deployment and Distribution Command (SDDC) providing transportation services. Plaintiff did business as X3 Logistics, LLC. with a business address of 240 St. Paul St., Denver, Colorado 80206.

2.    The Defendant is the United States acting through the United States Army's Surface Deployment and Distribution Command, SDDC Operations Center, 1 Soldier Way, Scott AFB, IL 62225.

1

**JURISDICTION**

3.    Parties entered into binding shipment agreements "Contracts" through which the Defendant was the payor.

4.    All shipments included a commercial bill of lading and tenders, issued and prepared by the Defendant, dictating the terms of the contract by which engaging Parties would be bound.

5.    The Defendant acted through the United States Army's Surface Deployment and Distribution Command, SDDC Operations Center, 1 Soldier Way, Scott AFB, IL 62225, which is located in the Southern District of Illinois.

6.    This Honorable Court has Jurisdiction over this breach of contract action where the United States is the Defendant.


**BACKGROUND**

7.    Prior to the actions made basis of this complaint, Plaintiff was approved as a freight forwarder/broker and vendor of transportation services for the Defendant, Military Surface Deployment and Distribution Command ("SDDC"), a department or division of the United States Armed Forces.

8.    Plaintiff's business, 3X Logistics, is minority owned and considered a Historically Underutilized Business or HUB firm, operating out of a HUB zone as the same is defined under Federal Law.

2

9.   As a Department of Defense freight forwarder, Plaintiff was required to post a $100,000 bond for the protection of U.S. Government interest.

10.   Plaintiff's operation and similar firms require the creating of a shipping network for the benefit of the United States military and to remain on 7 days a week, 24 hours a day notice to coordinate the movement of vital United States military equipment, supplies, weaponry, personal property and personnel upon request by offering these shipments to other Transportation Service Providers and/or otherwise member's of Plaintiff's shipping network under a Department of Defense Commercial Bill of Lading issued upon each load of the freight designated for movement.

11.   The nature of Plaintiff's contractual relationship with the United States Government does not provide Plaintiff with the option of rejecting any particular shipment once accepted without suffering a penalty.

12.   As of February 2010, Plaintiff had successfully completed over 560 shipments on behalf of the Defendant. Plaintiff was consistently grossing in excess of $200,000 a month in revenue as a Transportation Service Provider.

13.   On February 8, 2010, Defendants personnel, James Gilmore, Tony Mayo, Martha Kinard, and Janice Loomis began

circulating a secret government memo advising all government installations, the Defense Contract Management Agency ("DCMA"), DCMA workforce, shippers, and other Transportation Service Providers that Plaintiff was being secretly placed on non-use status beginning immediately.

14.  That Plaintiff was not advised of these actions due to the fact that Plaintiff still had undelivered freight in their pipeline which Defendants wanted Plaintiff to complete delivery.

15.   This strategy was devised by Martha Kinard, James Gilmore, Chief Quality Assurance SDDC, and Tony Mayo, G9 SDDC Quality and approved by James Gilmore.

16.  Pursuant to Military Freight Traffic Unified Rules Publication-1 and SDDC Regulations No. 15-1, 6(b), Gilmore's actions would have to be in consolidation and consultation with such higher authority as the Deputy Chief of Staff for Operations or done with some form of judicial oversight such as the concurrence of the SDDC Staff Judge Advocate.

17.  SDDC Regulation 15-1, 6(b) provides that:

> "Non-use action may be taken when authorized by the Deputy Chief of Staff Operations, the Deputy Chief of Staff for Passenger and Personal Property based on operational or administrative deficiencies so severe as to immediately threaten safety or security of Department of Defense cargo or household goods shipments or passenger movements. Before undertaking non-use action, officials will consult with the Office of the Staff Judge Advocate."

4

18.   In the instance described above, regarding the secret placement of Plaintiff in non-use, Gilmore acted outside of his lawful jurisdiction and in excess of his authority. Only the agency head or his/her designee may suspend or debar a Transportation Service Provider. Gilmore had no authority to place Plaintiff in non-use status.

19.   Plaintiff had no opportunity to respond within the 14 day timeframe permitted by regulations outlined in MFTURP-1 Regulation since Plaintiff was never made aware of what was secretly transpiring by SDDC actors as of February 8, 2010.

20.   Defendants' actions had the effect and the intent to circumvent regulation by constructively placing Plaintiff in nationwide non-use without informing Plaintiff that such action had been taken.

21.   On October 20, 2010, Defendant officially placed Plaintiff in two year non-use status in violation of 48 CFR Part 9 Subpart 9.407-4(b) which states "In no event may a suspension extend beyond 18 months".

22.   On or about February 8, 2011, SDDC Business Director Melvin Holland contracted SJA office contract law attorney LTC. Matthew Bowman to investigate improper conduct allegations made by Plaintiff.

23.  LTC. Bowman had taken sworn statements from all parties except James Gilmore who refused to provide sworn testimony.

24.  On or about October 7, 2011, SDDC Business Director Melvin Holland responded to Plaintiff's business interference claims and non adhering to guidelines whereby Holland stated Plaintiff's claims were "valid".

25.  Plaintiff filed a complaint pursuant to Title 41, Contract Disputes  and Motion to set aside the order dated December 21, 2010, with Michael Williams of the SDDC who then forwarded Plaintiff's filing to the Office of the Deputy Commanding General, Brigadier General Susan A. Davidson.

26.  On May 4, 2012, General Davidson converted Plaintiff's Due Process and Damage Claims to an SDDC carrier appeal, and denied Plaintiff's appeal.

## STATUE OF LIMITATIONS

27.  Plaintiff's claims arise from Defendant's breach of written contract, which occurred on February 8, 2010.

28.  The Statue of Limitations for breach of written contracts in this Jurisdiction is ten (10) years and will not expire until February 9, 2020.

## CLAIM ONE: BREACH OF CONTRACT

6

29.   Plaintiff incorporates by reference paragraphs 1-28 of the complaint as if fully set forth herein.

30.   Each Commercial Bill of Lading issued for carriage is a written legal binding contract between the parties.

31.   Defendants breached their contract with Plaintiff by acting outside of their authority and placing Plaintiff in nationwide non-use outside of the terms of their contract provided in 41 CFR 102-117 and CFR 102-118 as set forth in the Commercial Bill of Lading.

32.   Defendant unlawfully disqualified Plaintiff from his status as a Transportation Service Provider contractor.

## CLAIM TWO: RESTRAINT OF TRADE/BREACH OF WRITTEN CONTRACT

33.   Defendants unlawfully interfered in Plaintiff's contract interests by circulating a secret government memo advising all government installations, the Defense Contract Management Agency ("DCMA"), DCMA workforce, shippers, and other Transportation Service Providers that Plaintiff was being secretly placed on non-use status beginning immediately.

34.   Plaintiff was denied due process and wrongfully placed in non-use status by Defendant.

35.   Defendant has failed to take corrective action to restore Plaintiff as a Transportation Service Provider.

36.   Defendant has prevented Plaintiff from conducting business as he normally would without restraint by the Defendant.

## CLAIM THREE: BREACH OF CONTRACT/PUNISHMENT IN VIOLATION OF 48 CFR PART 9, SUBPART 9.402(b)

37.   All Transportation Service Provider contracts abide by 48 CFR Part 9, Subpart 9.402(b), which reads in part: "the serious nature of debarment and suspension requires that the sanctions be imposed only in the public interest for the Government's protection and not for the purposes of punishment.

38.   Defendant failed to take immediate corrective actions to restore Plaintiff as a Transportation Service Provider and has acted to punish Plaintiff.

39.   Defendant has acted in bad faith through concealment and dishonesty to cover up its actions and to administer punishment to Plaintiff through the date of this filing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment for the Plaintiff in this Complaint and further requests:

(a) Award compensatory damages to Plaintiff in the amount of $13,000,000.00.

(b) Award punitive damages to Plaintiff in the amount of $39,000,000.00.

(c)  That the Court grant relief to the Plaintiff to direct the Defendant to restore Plaintiff's status as a Transportation Service Provider.

(d) Such other relief that the Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted, this 1st day of October, 2019.

*s/Joseph B. Fellows*
Joseph B. Fellows
Attorney for Plaintiff
11 N. Water St., Suite 10290
Mobile, Alabama 36602
(251)423-0646
fellowsjoe@yahoo.com

PLAINTIFF TO SERVE THE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:

U.S. Attorney for the Southern District of Illinois
9 Executive Dr.
Fairview Heights, Illinois 62208